UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CEDRICK F. ALEXANDER, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.

CASE NO.:

ABLE TOWING COMPANY, INC, a Georgia Profit
Corporation, and MARCELO BEZERRA, individually and
WILLIAM MILKS, individually

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CEDRICK F. ALEXANDER ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ABLE TOWING COMPANY, INC. ("ABLE"), MARCELO BEZERRA ("BEZERRA"), individually and WILLIAM MILKS, ("MILKS"), individually, (collectively, "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of DeKalb County, Georgia.

4. At all times material hereto ABLE was a Georgia Profit Corporation, engaged in the business of operating tow trucks on interstate highways.

5. Further, at all times material hereto, ABLE was engaged in business in Georgia, with a principle place of business in DeKalb County, Georgia.

6. At all times relevant to this action, BEZERRA was an individual resident of the State of Georgia, who managed and operated ABLE.

7. At all times relevant to this action, BEZERRA regularly exercised the authority hire and fire employees of ABLE.

8. At all times relevant to this action, BEZERRA determined the work schedules for the employees of ABLE.

9. At all times relevant to this action, BEZERRA controlled the finances and operations ABLE.

10. At all times relevant to this action, BEZERRA was an employer as defined by 29 U.S.C. 201 et. seq.

11. At all times relevant to this action, MILKS was an individual resident of the State of Georgia, who managed and operated ABLE.

12. At all times relevant to this action, MILKS regularly exercised the authority hire and fire employees of ABLE.

13. At all times relevant to this action, MILKS determined the work schedules for the employees of ABLE.

14. At all times relevant to this action, MILKS controlled the finances and operations ABLE.

15. At all times relevant to this action, MILKS was an employer as defined by 29 U.S.C. 201 et. seq.

16. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, because he was a service technician.

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

19. Defendants were, and continue to be, "employers" within the meaning of FLSA.

20. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, because they worked on instrumentalities of interstate commerce—namely interstate highways- towing vehicles over same.

21. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who drove vehicles, handled auto service materials and hand tools—all necessary for Defendants' business—that were manufactured outside the State of Georgia.

24. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA. Specifically, Plaintiff drove from Georgia to other states and from other states to Georgia regularly throughout his employment, as part of his duties as an employee of Defendants.

25. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

26. The additional persons who may become plaintiffs in this action are/were "service technician" employees of Defendants, who held similar positions to Plaintiff and who were not paid at least minimum wage for all weeks worked for Defendants.

27. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

28. On or about July of 2012, Defendants hired Plaintiff to work as "Service Technician."

29. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

30. From at least July of 2012 and continuing through November of 2013, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

31. Defendants have violated Title 29 U.S.C. §206 from at least July of 2012 and continuing through November of, 2013, in that:

    a. Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

    b. Defendants have failed to maintain proper time records as mandated by the FLSA.

32. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF MINIMUM WAGES (FLSA)

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. Plaintiff was entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendants.

35. Defendants failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendants.

36. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the federal minimum wage during one or more weeks of employment with Defendants.

37. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

38. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

39. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b.    Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest;

    f.    Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff; and

    g.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 13th day of March 2014.

Respectfully submitted,

/s/ANDREW R. FRISCH
Andrew R. Frisch, Esq.
FL Bar No.: 27777
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: AFrisch@forthepeople.com
*Trial Counsel for Plaintiffs*